UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH M. R.,

                              Plaintiff,

        v.                                                    5:24-CV-1065
                                                               (FJS/ML)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

APPEARANCES                               OF COUNSEL

HILLER COMERFORD INJURY                   JUSTIN M. GOLDSTEIN, ESQ.
& DISABILITY LAW                          IDA COMERFORD, ESQ.
6000 North Bailey Avenue – Suite 1a
Amherst, New York 14226
Attorneys for Plaintiff

SOCIAL SECURITY ADMINISTRATION            JASON P. PECK, ESQ.
OFFICE OF GENERAL COUNSEL                 VERNON NORWOOD, ESQ.
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

SCULLIN, Senior Judge

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court are Magistrate Judge Lovric's Report-Recommendation, *see*

Dkt. No. 17, Plaintiff's objections thereto, *see* Dkt. No. 18, and Defendant's response to Plaintiff's

objections, *see* Dkt. No. 20.

## II. BACKGROUND

Plaintiff brought this action under pursuant to 42 U.S.C. 42 U.S.C. § 405(g).  He sought judicial review of Defendant's final decision denying his application for Disability Insurance Benefits ("DIB").  This Court referred the matter to Magistrate Judge Lovric for a Report-Recommendation.

Both parties filed briefs, *see* Dkt. Nos. 12, 15, 16.  After a thorough review of the parties' arguments, the Administrative Record ("AR"), and the ALJ's decision denying Plaintiff's application, Magistrate Judge Lovric issued a Report-Recommendation in which he recommended that the Court deny Plaintiff's motion for judgment on the pleadings, grant Defendant's motion for judgment on the pleadings, and affirm the Commissioner's decision.  *See generally* Dkt. No. 17.  Plaintiff timely filed objections to those recommendations, *see* Dkt. No. 18; and Defendant filed a memorandum of law in opposition to Plaintiff's objections, *see* Dkt. No. 20.

## III. DISCUSSION

### A.     Initial arguments before Magistrate Judge Lovric

In his brief, Plaintiff raised several challenges to the ALJ's disability determination.  He argued that the ALJ failed to evaluate his subjective allegations and testimony properly.  *See* Dkt. No. 12 at 23-25.  He also argued that the ALJ did not properly evaluate the available medical opinion evidence which resulted in an RFC determination that was not supported by substantial evidence.  *See id.* at 10-23.  Finally, Plaintiff argued that the ALJ did not properly investigate conflicts between the Vocational Expert ("VE")'s testimony and the Dictionary of Occupational

Titles ("DOT"), resulting in a step-five determination that was not supported by substantial evidence. *See id.* at 6-10.

To the contrary, Defendant argued that the ALJ properly evaluated all of the record evidence, resulting in an RFC and disability determination that were supported by substantial evidence. *See* Dkt. No. 15 at 5-19.

**B.      Plaintiff's objections to Magistrate Judge Lovric's Report-Recommendation**

In his objections to Magistrate Judge Lovric's Report-Recommendation, Plaintiff admits that he is renewing the arguments he made in his brief and his reply brief and is relying on the procedural status and statement of facts that he provided in his brief. *See* Dkt. No. 18 at 1.

**C.      Defendant's response to Plaintiff's objections**

Defendant responds to Plaintiff's objections by noting that these objections "merely rehash challenges which Judge Lovric considered and rejected." *See* Dkt. No. 20 at 1. Furthermore, Defendant asserts that "[P]laintiff does not identify any material errors in the R&R nor the ALJ's evaluation . . . [and], therefore, [t]he Court . . . should dismiss Plaintiff's objections and adopt Judge Lovric's thorough and well-reasoned R&R in its entirety because Plaintiff has not shown any material error either in the R&R []or the ALJ's decision." *See id.*

**D.      Standard of review**

The Court reviews *de novo* those portions of a magistrate judge's report and recommendations that have been properly preserved with a specific objection. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C.

§ 636(b)(1)(C)). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Id.* (quoting N.D.N.Y. Local Rule 72.1(c)) (footnote omitted). If the parties do not file any specific objections, this Court reviews a magistrate judge's report-recommendation for clear error. *See id.* at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Likewise, if an objection simply rehashes "the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review." *Id.* at 228-29 & n.6 (collecting cases). "'When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, *1 (S.D.N.Y. July 31, 1995))). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

E.      Analysis

As Plaintiff concedes, his objections to Magistrate Judge Lovric's recommendations are, in sum and substance, the same arguments that he raised in his initial brief. Thus, the Court need only satisfy itself that there is no clear error on the face of the record.

After establishing the correct legal standard for analyzing a plaintiff's subjective complaints of pain, Magistrate Judge Lovric found that substantial evidence supported the ALJ's analysis of Plaintiff's subjective complaints.  First, he found that Plaintiff's argument that the ALJ had ignored his description of his symptoms and the resulting functional limitations in favor of a less restrictive RFC determination was based on a selective reading of the medical record and a misrepresentation of his activities of daily living was "contradicted by the ALJ's decision, which include[d] an extensive discussion of relevant treatment notes, including Plaintiff's subjective assessments of his own condition and the evaluation of multiple medical professionals."  *See* Dkt. No. 17 at 10 (citing T. 13-15).  Magistrate Judge Lovric pointed to several parts of the Administrative Record that supported the ALJ's decision in this regard.  *See id.* (citing T. 13-15; T. 15, 403, 980; T. 14, 377, 412, 420, 504, 544, 643, 645, 733, 766-767, 794, 1006-1007).

Magistrate Judge Lovric also noted that,

> [i]n addition to the longitudinal medical record, the ALJ also considered Plaintiff's statements regarding his daily activities including childcare and taking care of his home, along with treatment notes from December 2020, March 2021, October 2021, December 2021, and January 2022 wherein Plaintiff described an increased ability to sit, stand, walk, and engage in ordinary physical activities such as grocery shopping as he progressed in treatment.

*See id.* at 11-12 (citing T. 363, 378, 389, 451, 538, and 544) (footnote omitted).

Magistrate Judge Lovric found that "[t]his coincided with medical professionals who found an increased ability to perform work tasks, including lifting up to forty pounds to shoulder level, and up to twenty pounds overhead, and Plaintiff's participation in vocational training to return to the workforce."  *See id.* at 12 (citing T. 1004-1005, 1014).

Based on this record evidence, Magistrate Judge Lovric concluded that "the ALJ's decision and the hearing transcript demonstrate[d] an appropriate evaluation of Plaintiff's

subjective complaints, by comparing them to Plaintiff's daily activities, his medical treatments and follow-up care, pain medication, imaging reports, and the medical opinion evidence." *See id.* (citing *Judelsohn v. Astrue*, No. 11-CV-388S, 2012 WL 2401587, at *6 (W.D.N.Y. June 25, 2012) ("Failure to expressly consider every factor set forth in the regulations is not grounds for remand where the reasons for the ALJ's determination of credibility are sufficiently clear and specific to conclude that he considered the entire evidentiary record.")).

Finally, Magistrate Judge Lovric stated that "[t]he ALJ recognized that Plaintiff still experienced neck and arm pain at varying degrees but accepted the consensus of multiple medical professionals that this pain did not preclude Plaintiff from performing a reduced level of light work." *See id.* (citing *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) (". . . disability requires more than mere inability to work without pain.  To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.")).  In sum, Magistrate Judge Lovric concluded that, "because the ALJ's findings are supported by substantial evidence, [the ALJ's] decision to discount Plaintiff's subjective testimony is entitled to substantial deference." *See id.* (citing *Wendy L. B. v. Kijakazi*, No. 5:22-CV-0708 (DNH/DEP), 2023 WL 3728557 at *7 (N.D.N.Y. May 5, 2023), *rep't and rec. adopted*, 2023 WL 3722011 (N.D.N.Y. May 30, 2023)).

Next, Magistrate Judge Lovric reviewed the ALJ's evaluation of the medical opinion evidence.  He began by summarizing the relevant medical opinions in the record and the ALJ's evaluation of each of those opinions.  *See id.* at 13.  In doing so, he summarized the medical opinions of Consultative Examiner Dr. Elke Lorensen, State Agency Medical Consultant Dr. T. Schmidt-Deyoung, State Agency Medical Consultant Dr. M. Kirsch, and Independent Medical Examiner Dr. Daniel Carr.  *See id.* at 13-17.

Next, he discussed the ALJ's evaluation of the relevant medical opinions.  In that regard, he noted that "the ALJ summarized treatment notes from 2021, 2022, and 2023 that documented an improvement in Plaintiff's functional limitations as he responded to a treatment regimen that included physical therapy, chiropractic treatment, epidural injections, and pain medication."  *See* Dkt. No. 17 at 22 (citing T. 13-14).  Magistrate Judge Lovric explained that, in the ALJ's "evaluation of the medical opinions . . ., the ALJ explained that the opinions of Dr. Lorensen, Dr. Schmidt-Deyoung, and Dr. Kirsch were 'consistent with other substantial evidence, including the evidence . . . regarding the claimant's positive response to non-surgical treatments, as well as the functional capacity suggested by the claimant's activities of daily living.'"  *See id.* at 22 (citing T. 15).  After doing so, he found that, "[i]n light of the ALJ's thorough evaluation of the treatment records that clearly informed his evaluation of the medical opinion evidence, this Court can readily glean how the ALJ weighed the consistency and supportability factors of the medical opinions addressing Plaintiff's physical limitations."  *See id.*  Thus, he concluded that, "even if this Court were to agree with Plaintiff that the ALJ committed a procedural error, such error would be harmless."  *See id.* (citing *John L.M. v. Kijakazi*, No. 5:21-CV-368 (BKS/TWD), 2022 WL 3500187, *3 (N.D.N.Y. Aug. 18, 2022) (". . .  reading the ALJ's decision as a whole, the Court can glean the ALJ's consideration of the consistency of [the medical] opinion from his analysis of the medical evidence showing benign physical examinations . . . . The Court therefore concludes that the substance of the regulation was not traversed and the ALJ's procedural error in addressing the consistency factor does not require remand.")).  Accordingly, Magistrate Judge Lovric concluded that "the record before this Court establishes that the ALJ resolved conflicts between the objective medical record, medical opinion evidence, and hearing testimony by placing the greatest reliance on that evidence that he deemed most consistent with Plaintiff's

overall treatment record and activities.  In doing so, the ALJ appropriately evaluated the conflicting medical evidence and plaintiff's testimony and made an RFC finding that was consistent with the overall record."  *See id.* at 22-23 (citing *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (although ALJ's conclusion did not perfectly correspond with any of the opinions of medical sources, ALJ was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole)).

Therefore, Magistrate Judge Lovric concluded that, "[i]n light of the ALJ's thorough analysis, . . . [the ALJ's] RFC determination that Plaintiff could perform less than the full range of light work was supported by substantial evidence[.]"  *See id.* at 24.

Finally, Magistrate Judge Lovric addressed Plaintiff's argument that the ALJ did not adequately resolve the conflict between the Vocational Expert ("VE")'s testimony and the Dictionary of Occupational Titles ("DOT") with regard to "two of the three light work jobs identified by the VE, and that the estimated 9,000 racker jobs existing in the national economy do not, on their own, constitute a significant number of jobs that an individual with Plaintiff's RFC can perform."  *See id.* at 25-28.  At the hearing before the ALJ, "the VE testified that an individual with Plaintiff's RFC, including the restriction to occasional overhead reaching, could perform the representative tasks of racker, sealing machine operator, and electronics worker." *See id.* at 25 (citing T. 21, 43-45) (footnotes omitted).  Magistrate Judge Lovric noted that, "[a]ccording to the DOT, the position of racker only requires 'occasional' reaching, but the positions of sealing machine operator and electronics worker require 'frequent' reaching."  *See id.* at 25-26 (citing Dictionary of Occupational Titles 735.687-026 Racker, 1991 WL 679983; *id.* 690.685-154, 1991 WL 678535.; *id.* 726.687-010, 1991 WL 679633).

Plaintiff argued that the ALJ's reliance on the VE's testimony fell short of the *Lockwood* standard. *See id.* at 26 (citing Dkt. No. 12 at 6-10). Magistrate Judge Lovric disagreed, finding that Plaintiff's argument was "contradicted by the VE testimony." *See id.* Magistrate Judge Lovric explained that, "before responding to the ALJ's RFC determination, the VE testified,

> Under the hypothetical, there would be, and of course as you pointed out, Your Honor, the ten pounds lifting does not meet the full definition of light work, so my answer on the jobs that I'm going to be giving you, **is based on my knowledge of how these jobs are performed . . .**

*See id.* (quoting T.43 (emphasis supplied)).

Furthermore, Magistrate Judge Lovric noted that, "[a]fter the VE identified three representative jobs, the ALJ followed up on apparent conflicts, by asking the VE whether his testimony was "'consistent with the information in the DOT other than those deviations that you've already pointed out?'" *See id.* (quoting T.44). In response, the VE testified that the "limitation with regard to reaching overhead occasionally, that's not addressed within the Selected Characteristics of Occupations; it's reaching in all planes, **so again, my answer would be based on my experience in the labor market and knowledge of how the jobs are performed**." *See id.* (quoting T.44 (emphasis supplied)).

Based on his review of the record in light of Plaintiff's objections, Magistrate Judge Lovric concluded that the ALJ's development of the record satisfied the *Lockwood* requirements. *See id.* at 27. In this regard, he noted that the problem in *Lockwood* was that the ALJ left the conflict unresolved, unlike in this case, in which "the VE['s] testimony squarely addressed the issue of overhead reaching with reference to his practical knowledge of the specific job requirements." *See id.* Thus, Magistrate Judge Lovric found that "the ALJ's inquiry provides sufficient detail to satisfy *Lockwood*, consistent with *Matthew M.*" *See id.* (citing *Thomas K. v.*

*Comm'r of Soc. Sec.*, No. 1:22-CV-00673 (TPK), 2025 WL 484178, at *5 (W.D.N.Y. Feb. 13, 2025) (finding "vocational testimony to be sufficient when the expert indicated knowledge of how the jobs in question were performed and said, based on experience, that someone who had a particular physical limitation could do either all or some percentage of them.")).  For these reasons, Magistrate Judge Lovric found that "the ALJ fulfilled his obligation to resolve the conflict between the VE's expert testimony and the DOT at step five, consistent with *Lockwood*[; and] [t]he VE's testimony provides a reasonable explanation for the conflict which, in turn, provides a basis for the ALJ's reliance on it."  *See id.* at 28.

Having reviewed Magistrate Judge Lovric's analysis of the entire record and his explanation and resolution of Plaintiff's arguments, the Court is satisfied that there is no clear error on the face of the record.  Therefore, the Court accepts Magistrate Judge Lovric's recommendations.

### IV. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation, *see* Dkt. No. 17, is **ADOPTED AND ACCEPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 12, is **DENIED**; and the Court further

- 11 -

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 15, is

**GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and

close this case.

**IT IS SO ORDERED.**

Dated: March 25, 2026
      Syracuse, New York

                          Frederick J. Scullin, Jr.
                          Senior United States District Judge